[No 2149.   Decided November 9, 1896.]

# THE STATE OF WASHINGTON, Respondent, v. HENRY ELSWOOD, Appellant.

INFORMATION — DUPLICITY — SPECIAL COUNSEL IN CRIMINAL PROSECU-
TION — DISCRETION OF COURT — LEADING QUESTIONS — SUFFICIENCY
OF EVIDENCE.

An information against defendant for the crime of rape com-
mitted upon a female child under the age of twelve years, suffi-
ciently charges one crime, and not two, when it alleges that
defendant "feloniously did make an assault, and her the said
[child] then and there feloniously did ravish, carnally know and
abuse," etc., since the words charging assault must be construed
as charging same only as included in the crime of rape.

It is within the discretion of the court to allow special counsel to
aid the prosecuting attorney in the prosecution of a case, and such
discretion will only be interfered with upon a showing of an abuse
thereof.

When there is evidence tending to show every fact necessary to
establish the guilt of defendant, the court is not warranted in tak-
ing the case from the jury.

The action of the court in allowing leading questions is a matter
so largely within its discretion as to call for the interference of the
appellate court only in extreme cases.

The supreme court will not set aside a verdict in a criminal case,
when there is testimony tending to show every necessary fact, and
when the court which tried the cause has refused to interfere with
the verdict.

Appeal from Superior Court, Stevens County.—
Hon. JESSE ARTHUR, Judge.   Affirmed.

S. G. Allen, and John B. Slater, for appellant.

C. A. Mantz, Prosecuting Attorney, for The State.

The opinion of the court was delivered by

HOYT, C. J.— Defendant was convicted of the crime
of rape and from the judgment and sentence imposed
has prosecuted this appeal.

His first attack is upon the information, of which
the substantial part was in the following language:

"Comes now C. A. Mantz, county and prosecuting
attorney for Stevens county, state of Washington, and
by this his information charges the defendant Henry
Elswood of the crime of rape committed as follows,
to-wit: The said Henry Elswood in Stevens county,
state of Washington, on to-wit the 26th day of July,
1895, and before the filing of this information, in and
upon one Ressie Lutjens, a female child, under the
age of twelve years, to-wit of the age of ten years,
feloniously did make an assault, and her the said
Ressie Lutjens then and there feloniously did ravish,
carnally know and abuse, contrary to the statute in
such case made and provided."

It is claimed that this indictment was bad, for the
reason that it charged two distinct crimes; first, that
of assault, and second, that of rape. The ground
upon which this claim is made is that the section
(Penal Code, § 28) upon which the information was
founded has provided for two distinct crimes, one for
rape upon an adult and another for one upon a child.
We do not thus understand this section. We think it
has provided for but one crime, that of rape; that it
has provided the acts necessary to constitute the
crime in the case of an adult, and also those which
would constitute the crime in the case of a child.
But in either case the offense therein defined is that
of rape. This being so, and it being clear from the
language of the information that it was the intent to
charge a felonious assault, the fact that words were
used which might have charged an assault independ-
ent of the charge of rape, does not show an intent to
charge the crime of assault, excepting as the same is
included in the crime of rape. The information
fairly informed the defendant of the offense with

which he was sought to be charged and under our statute was sufficient.

The second error is founded upon the action of the court in allowing special counsel to appear to aid the prosecuting attorney in the trial of the cause; but in our opinion the action of the court in this matter was within its discretion and no abuse thereof being shown by the record such discretion will not be interfered with here.

A portion of the third ground upon which reversal is sought attacks the information, as to which it is not necessary that anything further should be said.

The other ground alleged under this point is that the evidence was such that the court should have taken the case from the jury and discharged the defendant. But since there was testimony tending to show every fact necessary to establish the guilt of defendant, we think the action of the court in refusing to take the case from the jury was what it should have been.

The fourth assignment of error is founded upon the action of the court in admitting and refusing to admit evidence offered upon the trial, and raises the question as to the sufficiency of the evidence to support the verdict.

The action of the court upon the trial, in allowing leading questions, is strongly urged as having been prejudicial error, but this is a matter so largely in the discretion of the lower court that, except in an extreme case, its action will not be interfered with, and that extreme case is not made to appear from this record.

As to the admission of testimony objected to and the refusal to admit testimony offered, it is sufficient to say that we have carefully examined the statement

of facts and fail to find in the rulings therein disclosed any ground for reversal.

Upon the question of the insufficiency of the evidence to support the verdict, there was, as we have already seen, testimony tending to show every necessary fact; and this being so, and the jury having acted thereon and rendered a verdict, and the court which tried the cause and heard the testimony given having refused to interfere with such verdict, the insufficiency of the testimony is not so apparent from the record as to warrant us in setting aside the verdict.

The judgment and sentence will be affirmed.

SCOTT, ANDERS, DUNBAR and GORDON, JJ., concur.