[No. 6017. Decided February 2, 1906.]

The State of Washington, *Appellant,* v. Walter Adams, *Respondent.*[1]

CRIMINAL LAW—PLEADING—RAPE—INFORMATION—DUPLICITY. Under Bal. Code, § 7062, defining rape as (1) the carnal knowledge by force of a female over eighteen years of age, and (2) the carnal knowledge of a female child under the age of eighteen years, an information charging the offense by carnally knowing, by force, a female child under the age of eighteen years, states but one offense, since the act constitutes but a single offense whether one or all of the means specified in the statute were employed in its commission.

Appeal from a judgment of the superior court for Lincoln county, Warren, J., entered November 6, 1905, dismissing a prosecution for the crime of rape, upon sustaining a demurrer to the information. Reversed.

*R. M. Dye (E. A. Hesseltine,* of counsel), for appellant.

*Hibschman, Merritt & Merritt,* for respondent.

1Reported in 83 Pac. 1108.

RUDKIN, J.—The information in this case charges that the defendant "On the 28th day of October, 1905, at the county of Lincoln, state of Washington, did unlawfully, feloniously and forcibly, and against her will ravish and carnally know Maud Stephey, then and there being, said Maud Stephey then and there being a female child under the age of eighteen years, to wit, of the age of 17 years." To this information the defendant demurred "on the ground that more than one crime is charged therein." The demurrer was sustained and the prosecuting attorney electing to stand on the information and refusing to plead further, judgment of dismissal was entered. From this judgment the state has appealed.

The statute defines the crime of rape as follows:

"A person shall be deemed guilty of rape who, (1) Shall, by force and against her will, ravish and carnally know any female of the age of eighteen years or more. . . . (3) Shall carnally know any female child under the age of eighteen years." Bal. Code, § 7062.

The appellant contends that this information charges but one crime under subdivision three of said section, and that the allegations of force and want of consent should be rejected as surplusage. The respondent on the other hand contends that the information charges the crime of rape under both the first and the third subdivisions, and that therefore two crimes are charged. It seems to us the demurrer was improperly sustained whichever view we adopt. If the contention of the appellant be sustained, it is manifest that the information charges but one crime, and in our opinion the same conclusion follows if we adopt the views of the respondent. The statute defines but one crime and prescribes but one penalty therefor. Where a statute provides that a crime may be committed in different ways or by different means, the act constitutes but a single offense, whether one or all of the ways and means be employed in its commission, and it is proper to charge in an information that the crime was committed in one of the ways or by one of the means specified in

the statute, or in all the ways and by all the means conjunctively. The rule is thus stated in 10 Ency. Plead. & Prac., 536:

"When a statute enumerates several acts in the alternative, the doing of any of which is subjected to the same punishment, all of such acts may be charged cumulatively as one offense. And where the statute provides in the alternative several means by which the offense may be committed, or where the intent or purpose is set out in several aspects disjunctively, they may all be charged in setting out one and the same offense."

In *Fahnestock v. State,* 102 Ind. 156, 1 N. E. 372, the court held that:

"When a statute makes it an offense to do some one or another act, naming them disjunctively, either of which would constitute one and the same offense, and amenable to the same punishment, all the acts may be charged conjunctively in the one count as constituting a single offense."

In *People v. Harrold,* 84 Cal. 567, 24 Pac. 106, the court held that,

"An indictment for forgery which enumerates each one of the series of acts, either one of which constitutes such crime under the penal code, charges but one offense, since under said section they all constitute but a single offense."

In *People v. Gosset,* 93 Cal. 641, 29 Pac. 246, the court held that,

"An indictment charging that defendant 'did deal, play, carry on, and conduct the game of faro,' charges but one offense; Penal Code, § 330, inflicting a penalty on 'every person who deals, plays, or carries on, . . . or who conducts . . . any game of faro,' " etc.

In *People v. Leyshon,* 108 Cal. 440, 41 Pac. 480, the information charged the forging and uttering of a promissory note. A demurrer was overruled, and in affirming the judgment, the court said:

"Where, in defining an offense, a statute enumerates a series of acts, either of which separately, or all together, may

constitute the offense, all such acts may be charged in a single count; for the reason that, notwithstanding each act may, by itself, constitute the offense, all of them together do no more.' . . . The informaion charges but·one offense, and the demurrer was properly overruled."

In *People v. Gusti,* 113 Cal. 177, 45 Pac. 263, the court said,

"Of course, an indictment or information must charge but one offense (Pen. Code, sec. 954), and if it charges more than one, it is subject to demurrer upon that ground. The question is, Did the information here charge two offenses? We do not think it did. It is a well-settled rule of law that 'when a statute enunciates a series of acts, either of which separately or all together may constitute the offense, all of such acts may be charged in a single count, for the reason that notwithstanding each act may, by itself, constitute the offense, all of them together do no more, and likewise constitute but one and the same offense.' "

See, also, *State v. Newton,* 29 Wash. 373, 70 Pac. 31; *Crain v. United States,* 162 U. S. 625, 16 Sup. Ct. 952, 40 L. Ed. 1097; *Flohr v. Territory* (Okl.), 78 Pac. 565; *State v. Howard* (Mont.),·77 Pac. 50.

In the last cited case, the information charged the crime of robbery, "By means of force and putting in fear," and that the property was taken "from the person and possession and from the immediate presence" of the prosecuting witness. It was held that the information charged but one crime. Of course this rule does not apply if the different ways or means are repugnant to each other. If it be said of this case that the first subdivision of section 7062 applies only to females of the age of eighteen years or more, and the third subdivision to female children under the age of eighteen, the answer is that this information would in that event utterly fail to charge a crime under the first subdivision. We are satisfied that an information charging carnal knowledge of a female child under the age of eighteen years charges but a

single crime, regardless of the ways or means by which the act was accomplished.

The judgment is therefore reversed with directions to overrule the demurrer.

MOUNT, C. J., FULLERTON, HADLEY, CROW, DUNBAR, and ROOT, JJ., concur.