[No. 11838. Department One. September 2, 1914.]

THE STATE OF WASHINGTON, *Respondent*, v. L. L. DYE, *Appellant*.[1]

CRIMINAL LAW—FORMER JEOPARDY—DISMISSAL ON MERITS—IDENTITY OF ISSUES. The dismissing of a prosecution for rape, at the close of plaintiff's case, upon an information filed under Rem. & Bal. Code, § 2436, charging carnal knowledge of a female child between the ages of ten and fifteen years, is a bar to a second prosecution, under Rem. & Bal. Code, § 2435, charging that defendant by force and against her will, and without her consent, had sexual intercourse with a female child above the age of ten years, and about the age of fifteen years, since the charge in either information is, in effect, the same, and under which evidence of the same offense might have been admitted, the element of force being immaterial under either statute and under either information.

SAME — FORMER JEOPARDY—DISMISSAL—WAIVER—EFFECT OF DEFENDANT'S MOTION. The granting of defendant's motion for dismissal after a full hearing of the state's case, and a judgment of dismissal entered, does not constitute a consent to the discharge of the jury or waive his right to plead a former acquittal, the judgment being upon the merits and a bar to a further prosecution, although the proper practice would have been to take a directed verdict.

SAME—FORMER JEOPARDY—RELIANCE ON DIFFERENT DATES. Where the same evidence is admissible under two informations charging criminal liability covering a period of three years, the fact that a different date is relied on to prove the offense under the second information will not preclude a plea of former acquittal under the first information.

Appeal from a judgment of the superior court for Stevens county, Jackson, J., entered April 9, 1913, upon a trial and conviction of rape. Reversed.

*B. A. Crowl*, for appellant.

*John B. Slater* and *J. A. Rochford*, for respondent.

CHADWICK, J.—On the 3d day of September, 1912, the prosecuting attorney of Stevens county filed an information under Rem. & Bal. Code, § 2436 (P. C. 135 § 367), charg-

[1]Reported in 142 Pac. 873.

ing the appellant with the crime of having carnal knowledge of a child. The charging part of the information is as follows:

"That within three years immediately preceding the date of the filing of this information in the county of Stevens, state of Washington, the said defendant L. L. Dye, then and there being, then and there wilfully, unlawfully and feloniously did carnally know and abuse. . . . . . . . . . ., a female child between the ages of ten and fifteen years, . . . by then and there having unlawful sexual intercourse with the said . . . . . . . . . .contrary to the statute, etc. . . ."

The case was brought to trial on the 13th day of November, 1912, upon defendant's plea of not guilty. A jury was impaneled and sworn, and the state put in its evidence. Having rested, counsel for defendant moved for a dismissal. After argument and consideration of the motion, it was granted, and a judgment of dismissal entered, "the state having failed to introduce sufficient evidence to support the crime charged in the information." On November 14, 1912, the prosecuting attorney filed an information charging defendant with having committed the crime of rape, under Rem. & Bal. Code, § 2435 (P. C. 135 § 365), the charging part of the information being:

"On or about February 1st, A. D. 1912, in the county of Stevens, state of Washington, the said defendant, L. L. Dye, then and there being, did then and there wilfully, unlawfully, feloniously, and by forcibly overcoming her resistance, against her will and without her consent, have sexual intercourse with one. . . . . . . . ., a female child above the age of ten years, to wit: of the age of about fifteen years, and not the wife of said L. L. Dye, . . ."

To this information, defendant interposed a plea of former acquittal, which plea was renewed at the time the jury was called and sworn to try the case, and again when the state had rested.

We think there can be no doubt that the plea of former acquittal should have been sustained, as a matter of law.

There was no question as to the identity of the parties, and although the second information was drawn charging carnal knowledge by force, the same evidence would have supported a conviction under the first information. Indeed, it is as complete a charge under § 2436 as was the first information. Defendant is charged in the first information with having, within three years last past, carnally known a female child between the ages of ten and fifteen years, she being a person other than his wife; and in the second information, with having had, within three years, sexual intercourse with a female above the age of ten years, to wit, of the age of about fifteen years "*and not his wife.*"

Crimes are known by the charging part of the information, and not by the particular name used by the pleader.

"Was the matter set out in the second indictment admissible as evidence under the first indictment, and could a conviction have been properly maintained upon such evidence? If the answer is yes, then the plea is sufficient; otherwise, it is not." 1 Wharton, Criminal Law (11th ed.), § 393.

Under either statute, and under either information, the element of force is immaterial. We have, therefore, in legal effect, the same charge, under which evidence of the same offense might have been admitted, the only open question being the immaterial one of force. The state did not offer to show any excusatory facts warranting the filing of a second information; neither illness of a juror, the prisoner, or the court, the absence of a juryman, impossibility of the jury agreeing on a verdict, or any accident that rendered a verdict impossible; or any extreme or overwhelming physical or legal necessity (1 Wharton, Criminal Law, 11th ed., § 294); admitting, but without deciding, that any of these conditions would have availed the state.

The state contends, however, that the defendant, having moved for a dismissal, consented to the judgment which was entered in the former proceeding. Many cases are cited to sustain the assertion that, where a defendant consents to an

arrest of the trial, no jeopardy will attach. This is true and is well sustained by authority; but here there was not only a presentment, in a court of competent jurisdiction, before a jury, upon a sufficient information, but, after a full hearing of the state's case, a judgment on the merits was entered. Defendant did not consent to anything, but demanded and received the judgment of the law upon an admitted state of facts. While a proper practice would have been to take a directed verdict, in which event no question could have been raised, yet the legal effect of the motion is the same as if the proper one had been made. *State v. Hyde*, 22 Wash. 551, 563, 61 Pac. 719.

Mr. Wharton lays down a test which applies to this case:

"Test as to whether two indictments are for the same offense is the fact whether evidence necessary to support the latter indictment would have sustained a conviction under the former indictment. Testimony to sustain the second charge not being admissible to sustain the first charge, there is no former jeopardy." 1 Wharton, Criminal Law (11th ed.), p. 528, § 395.

The prosecuting attorney contends that, the jury being charged to make deliverance by verdict, nothing less than a verdict can avail defendant. He says, if a jury is discharged without rendering a verdict, there is no jeopardy.

We have already suggested that, under a practice such as prevails in this state permitting a judge to pass upon the legal sufficiency of the facts and to direct a verdict if there be no sufficient facts, a judgment on the merits is a bar. If it were not so the constitutional guarantee "that no person shall be . . . twice put in jeopardy for the same offense" (§ 9, art. 1) would mean nothing and judgments would be no protection to one charged with crime. In the case of *State v. Kinghorn*, 56 Wash. 131, 105 Pac. 234, 27 L. R. A. (N. S.) 136, we said:

"The better rule and the one supported by the decided weight of authority is that, when the accused has been placed

upon trial in a court of competent jurisdiction on a sufficient indictment, before a jury legally impaneled and sworn, the constitutional peril has attached, and that a discharge of the jury without good cause and without the consent of the accused is equivalent to an acquittal."

See, also, 1 Wharton, Criminal Law (11th ed.), § 394. If such be the law, how much more conclusive is the judgment of the court upon the merits, and behind which a court will not go in a collateral proceeding. The case of *State v. Price*, 127 Iowa 301, 103 N. W. 195, is in point and meets the contention of the state that a different date was relied on to prove the offense under the second information. The state had made a blanket charge in the first, as well as in the second, information. Defendant was called upon to meet a charge of criminal liability covering a period of three years. Inasmuch as the same evidence was admissible under the two informations, we think, as did the Iowa court, that the former judgment,

".   .   .   was necessarily a finding that defendant had not had intercourse with the prosecutrix at any time during the period covered by the indictment. True, rape is not a continuing offense, but under a general charge, such as was made in this case, all acts of illegal commerce within the period of the statute of limitations might be shown; and in such cases a general verdict of acquittal is an acquittal of all. *State v. Parish*, 104 N. C. 679 (10 S. E. Rep. 457); *Proper v. State*, 85 Wis. 615 (55 N. W. Rep. 1035). But it is said that, as the state elected in the rape case to rely upon one date, and in the incest case upon another, these rules do not apply, and there was no former acquittal, nor was the defendant in jeopardy in the rape trial for any other act of intercourse than the one relied upon by the state, to wit, the one occurring on October 28th. This is a virtual concession that the doctrine of former acquittal applies, but that it only applies when the state relies upon the same and identical transactions. The concession is manifestly sound, but the qualification is not, unless all rules with reference to jeopardy are misapplied or misunderstood. A few suggestions will dispose of the fallacy involved in this contention. Sup-

pose, after the jury had been impaneled and sworn in the rape case, and before the state had been compelled to make an election, the court had improperly directed a verdict for defendant, or had done any other act which would have entitled the defendant to a discharge, would it be contended that the defendant had not been in jeopardy as to every act or offense included within the statute of limitations? Could the state upon another trial, or upon the return of another indictment, covering the same period of time, successfully contend that, as it had made no election, there was no jeopardy as to any offense? Could it say that it intended, if called upon to make an election, to select one act, and that the second trial or the second indictment was for another? Manifestly, each of these propositions must be answered in the negative. What difference, then, does it make that upon the trial of the rape case the state did elect to rely upon a certain transaction or a certain date? None, as we think. . . . In the absence of statute, it is the general, if not the universal rule that to sustain a plea of former acquittal it need not be shown that the offenses are the same. The test sustained by all the authorities is whether or not, if what is set out in the second indictment had been proved under the first, there could have been a conviction. When there could, the second cannot be maintained; when there could not, it may be. Or, putting it in another way, and in the manner in which it is usually stated, the test is whether the first indictment was such that the accused might lawfully have been convicted under it, on proof of the same facts as those by which the second is to be sustained," citing many cases.

We find the first judgment of the court was upon the merits; and that defendant, by moving for a judgment of dismissal, did not consent to the discharge of the jury or waive his right to plead a former acquittal; for, under our constitution, as construed in the *Kinghorn* case, jeopardy attached when the jury was called to try the case. The former judgment of acquittal is a bar to a further prosecution.

Judgment reversed, and cause remanded with directions to dismiss.

CROW, C. J., MAIN, GOSE, and ELLIS, JJ., concur.