THE STATE OF WASHINGTON, *Respondent,* v. PATRICK JAMES
MUNDY, *Appellant.*

*J. P. Tonkoff* (of *Tonkoff, Dauber & Shaw*), for appellant.

*Joseph Panattoni, Prosecuting Attorney,* for respondent.

EDGERTON, J.—The defendant Patrick James Mundy was found guilty of two counts of perjury in the second degree.[1] From a denial of his motion for a new trial or in the alternative arrest of judgment, he appeals.

Count 1 of the information charged that defendant committed second-degree perjury when he signed a claim for expenses in the sum of $90 for a trip to Boise, Idaho on June 22, 1970, a trip that in fact he did not make; and count 2 alleged that he signed a claim for expenses in the sum of $36 for a trip on July 14, 1970 to Spokane, Washington that he also did not make. The case is presented on an agreed

[1]Venue of the action originally brought in Kittitas County was changed to Chelan County and the case tried there.

statement of facts. It shows that Patrick James Mundy, at the time the events in question transpired, was the duly elected, qualified and acting port commissioner of Kittitas County Port District No. 1; that defendant admitted he made and certified both claims, received the money but did not make the trips for which the expenses were asked. He defended his action by saying that he had made trips to other places for which he claimed no expenses, and that the unclaimed expenses more than offset those unlawfully claimed.

Defendant contends that the admitted facts do not constitute second-degree perjury; that there is no crime of second-degree perjury except as defined in RCW 9.72.030. In that statute it is an essential element of the crime of second-degree perjury that the statement made orally or in writing must be sworn knowingly and falsely. Defendant argues that since he did not make his claims under oath he is not guilty of second-degree perjury. However, defendant was not charged under RCW 9.72.030, but rather, under RCW 42.24.090 and RCW 42.24.100. The pertinent part of RCW 42.24.090 is:

> All claims for reimbursement authorized under this section shall be duly certified by the officer or employee submitting such claims on forms and in the manner prescribed by the division of municipal corporations in the office of the state auditor.

RCW 42.24.100 provides:

> The certificates required by [this act] need not be sworn, but any person certifying a claim or making a claim knowing the same to be false or untrue shall be guilty of perjury in the second degree.

The latter statute specifically provides that the claim certificates need not be sworn to, and if a false claim is made knowingly the perpetrator is guilty of the crime of perjury in the second degree. The defendant asserts that this statute is void; that the state legislature is without authority to define second-degree perjury in any other manner than that contained in RCW 9.72.030. This is an unsupported

assertion, without citation of authority. It is our view that, by enacting RCW 42.24.090 and RCW 42.24.100, the legislature of Washington extended perjury in the second degree to include false reimbursement claim certificates of public officers. Thus it defined an additional method of committing that crime. The legislature had the authority to do this. Just as other crimes, such as the various forms of assault and larceny, may be defined and committed in different ways and are, by statute, so, too, the legislature can say there is more than one method of committing second-degree perjury.

The legislative authority to make laws regarding crimes is described in 22 C.J.S. *Criminal Law* § 13 (1961), at 49:

The legislatures of the several states have the exclusive, and inherent power to prohibit and punish any act as a crime, provided they do not violate the restrictions of the state and federal constitutions; . . . In addition to defining crimes the legislature may fix the grade or class of the offense, and may declare an act to be a crime which prior to the declaration was not a crime, . . .

(Footnotes omitted.) In this case all the elements alleged in the information and named in the statute under which defendant was charged, were proved. Defendant's first assignment of error is unfounded.

■ Second, defendant claims he was denied equal protection of the law guaranteed by the fourteenth amendment to the United States Constitution, and article 1, section 12 of the Washington State Constitution when the court denied his motion to dismiss the charges against him. Relying on *State v. Zornes*, 78 Wn.2d 9, 475 P.2d 109 (1970) he contends that RCW 42.24.100, under which statute he was charged with a felony, and RCW 42.20.010, a misdemeanor statute, prescribed different punishments for the same act, and so authorized the state to charge one person with a felony and another with a misdemeanor for the same offense committed under the same circumstances. Do the two statutes do this? We find that they do not. RCW 42.20.010 provides in part:

Every public officer who shall—

(1) Ask or receive, directly or indirectly, any compensation, . . . or for any official service which has not been actually rendered, . . .

. . .

Shall be guilty of a gross misdemeanor, . . .

This is not the same as the offense defined in RCW 42.24.100, which adds the additional element of knowingly certifying a false claim. Statutes that describe two offenses, the elements of which are different, do not violate the equal protection clauses. *State v. Zornes, supra; State v. Canady,* 69 Wn.2d 886, 421 P.2d 347 (1966); *State v. Reid,* 66 Wn.2d 243, 401 P.2d 988 (1965).

Judgment affirmed.

MUNSON, C.J., and GREEN, J., concur.

Petition for rehearing denied December 6, 1972.

Review denied by Supreme Court January 23, 1973.