[No. 10461–6–I.   Division One.   September 20, 1982.]

THE STATE OF WASHINGTON, *Respondent,* v. ROBERT
BIRGEN, *Appellant.*

*David Wohl* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Howard Todd, Deputy,* for respondent.

RINGOLD, J.—Robert Birgen was charged in separate counts with third degree rape and statutory rape in the third degree, arising out of a single act of sexual intercourse with a 15–year–old young lady. Following trial, the jury returned verdicts of guilty on each count. The trial court entered judgment on the verdicts and sentenced Birgen to

prison terms of 5 years on each count, to be served concurrently.

Birgen appeals the judgment and sentence, arguing that multiple convictions for the same offense constitute double jeopardy. Although the claimed error was not raised below, claims of "manifest error affecting a constitutional right" may be raised for the first time on appeal. RAP 2.5(a)(3). We find that the Legislature did not intend that a defendant be convicted of both nonconsensual rape and statutory rape for a single act of intercourse, and accordingly we vacate the judgment and sentence and remand for sentencing on a single conviction.

### CONCURRENT SENTENCES AND DOUBLE JEOPARDY

The double jeopardy clause of the fifth amendment to the federal constitution, made applicable to the states through the fourteenth amendment, serves three primary purposes: it prohibits a second prosecution for the same offense following acquittal, it prohibits a second prosecution for the same offense after a conviction, and it prohibits multiple punishments for the same offense arising out of a single prosecution. *North Carolina v. Pearce,* 395 U.S. 711, 23 L. Ed. 2d 656, 89 S. Ct. 2072 (1969). *See also* Const. art. 1, § 9.

The State argues that under Washington law Birgen has not been subjected to "multiple punishment" for purposes of the double jeopardy clause because he received concurrent sentences on his two convictions. We are constrained to agree. *See, e.g., In re Rice,* 24 Wn.2d 118, 163 P.2d 583 (1945); *State v. Johnson,* 92 Wn.2d 671, 600 P.2d 1249 (1979); *State v. Johnson,* 96 Wn.2d 926, 639 P.2d 1332 (1982); *State v. Mason,* 31 Wn. App. 680, 644 P.2d 710 (1982); *State v. Turner,* 31 Wn. App. 843, 644 P.2d 1224 (1982). We note, however, that the concurrent sentence rule fails to take into account the many punitive aspects of a criminal conviction besides the possible maximum sentence. For example: punitive effects arising from the social and legal stigma of the conviction itself, the effect of multiple

4

convictions on the minimum sentence set by the parole board, *State v. Johnson,* 92 Wn.2d at 679, and the potential use of the multiple convictions for impeachment of Birgen's credibility, should he choose to put it in issue in the future.

The United States Supreme Court likewise summarized the collateral effects of a criminal conviction in holding that a criminal case does not become moot even after the sentence is served, noting

the obvious fact of life that most criminal convictions do in fact entail adverse collateral legal consequences. The mere "possibility" that this will be the case is enough to preserve a criminal case from ending "ignominiously in the limbo of mootness." *Parker* v. *Ellis,* 362 U. S. 574, 577 (1960) (dissenting opinion).

(Footnote omitted.) *Sibron v. New York,* 392 U.S. 40, 55, 20 L. Ed. 2d 917, 88 S. Ct. 1889, 1912 (1968). And in *Benton v. Maryland,* 395 U.S. 784, 791, 23 L. Ed. 2d 707, 89 S. Ct. 2056 (1969), the Court held that the concurrent sentence doctrine does not state a jurisdictional rule barring consideration of double jeopardy challenges to multiple convictions where concurrent sentences were imposed, though it "may have some continuing validity as a rule of judicial convenience." The *Benton* Court cited *Sibron* to illustrate the punitive consequences of a criminal conviction even in the context of a double jeopardy challenge to concurrent convictions, but steered shy of relegating the concurrent sentence doctrine to the judicial junk heap because of "special circumstances in this case" not necessitating such a holding. *Benton,* at 792. The *Benton* Court then proceeded to find a double jeopardy violation and remanded the case for further proceedings despite the fact that concurrent sentences had been imposed.

Regardless of the continued vitality of the concurrent sentence doctrine in Washington, however, it is of limited applicability outside the review of multiple punishments under the double jeopardy clause. In *State v. Eppens,* 30 Wn. App. 119, 633 P.2d 92 (1981), for example,

another division of this court declined to apply the rule, even though concurrent sentences had been imposed, in a case where the issue was not double jeopardy but the validity of multiple convictions where several of the charges had been added following the running of the statute of limitations. Likewise, we would not apply the doctrine to limit review of alleged prejudicial error relating to one of multiple convictions, even though the sentences were concurrent, where the error did not depend on a finding of multiple punishment, *i.e.,* review of evidentiary rulings, instructions, etc. In *State v. Johnson,* 96 Wn.2d 926, 930–31, 639 P.2d 1332 (1982), the Supreme Court stated the rule as follows:

> The rule in this state has long been that where there are several charges against a person for the same act or transaction and convictions are obtained on all counts, if his sentences are made to run concurrently and do not exceed the penalty for one of the offenses of which he was properly convicted, he is being *punished* "but once for his unlawful act." *In re Rice,* 24 Wn.2d 118, 124, 163 P.2d 583 (1945).

(Italics ours.) The fact that a defendant has been *punished* just once for a single act should not preclude review of convictions for non–double jeopardy reasons merely because the sentences were concurrent. Birgen's convictions are therefore reviewable despite the concurrent sentences. For the following reasons, we conclude that his multiple convictions of rape and statutory rape for a single act of intercourse cannot stand.

### LEGISLATIVE INTENT TO PERMIT MULTIPLE CONVICTIONS ARISING FROM A SINGLE ACT

■ The power to decide "what shall be offenses against the law" rests with the legislative branch of the government. *Morgan v. Devine,* 237 U.S. 632, 59 L. Ed. 1153, 35 S. Ct. 712 (1915); *State v. Mundy,* 7 Wn. App. 798, 502 P.2d 1226 (1972). Absent constitutional problems, the courts are required to apply penal statutes as written. Penal statutes are strictly construed against the State, and a court cannot

create an offense through judicial construction or under the guise of "supplying legislative omissions or correcting legislative oversight." *Jenkins v. Bellingham Municipal Court,* 95 Wn.2d 574, 580–81, 627 P.2d 1316 (1981).

Correlative to the preceding rules and limitations on the power of the courts is the principle that where the statutes do not specifically so provide, and the legislative intent is not clear, "[d]oubt should be resolved against turning a single transaction into a multiple offense." *State v. Arndt,* 87 Wn.2d 374, 385, 553 P.2d 1328 (1976). Sometimes called the "rule of lenity," this rule acts to ensure that the criminal statutes will not be applied in such a way as to bring about a harsher result than that mandated by the Legislature. *See State v. Johnson,* 92 Wn.2d 671, 600 P.2d 1249 (1979).

Just as legislative intent is the cornerstone of the analysis of multiple punishments in the double jeopardy context, *Albernaz v. United States,* 450 U.S. 333, 67 L. Ed. 2d 275, 101 S. Ct. 1137 (1981); *Whalen v. United States,* 445 U.S. 684, 63 L. Ed. 2d 715, 100 S. Ct. 1432 (1980), legislative intent must also be determinative of whether an accused may be convicted of more than one crime arising out of a single act. The question presented here is whether the Legislature intended to permit convictions for both third degree rape and statutory rape in the third degree arising from a single act of intercourse.

We note first that the Legislature has provided that upon conviction "of two or more offenses which arise from a single act or omission," sentences shall run concurrently unless otherwise provided by the trial court. RCW 9.92.080(2). The statute does not, however, indicate an intent to authorize multiple convictions in any particular situation, but provides that where multiple convictions are authorized and do occur, concurrent sentences shall be the rule, rather than the exception.

To discern the Legislature's intent with regard to multiple convictions for a single act of sexual intercourse we must start with the rape statutes. RCW 9A.44.060 provides:

Rape in the third degree. (1) A person is guilty of rape in the third degree when, under circumstances not constituting rape in the first or second degrees, such person engages in sexual intercourse with another person, not married to the perpetrator:

(a) Where the victim did not consent as defined in RCW 9A.44.010(6),[1] to sexual intercourse with the perpetrator and such lack of consent was clearly expressed by the victim's words or conduct, or

(b) Where there is threat of substantial unlawful harm to property rights of the victim.

(2) Rape in the third degree is a class C felony.

RCW 9A.44.090 provides:

Statutory rape in the third degree. (1) A person over eighteen years of age is guilty of statutory rape in the third degree when such person engages in sexual intercourse with another person, not married to the perpetrator, who is fourteen years of age or older but less than sixteen years old.

(2) Statutory rape in the third degree is a class C felony.

■ The State is correct that under the "same evidence" test of *State v. Roybal,* 82 Wn.2d 577, 512 P.2d 718 (1973) and *Blockburger v. United States,* 284 U.S. 299, 76 L. Ed. 306, 52 S. Ct. 180 (1932), rape in the third degree and statutory rape in the third degree would not be the "same offense." The *Blockburger* test, however, is merely one means of determining legislative intent:

The *Blockburger* test is a "rule of statutory construction," and because it serves as a means of discerning congressional purpose the rule should not be controlling where, for example, there is a clear indication of contrary legislative intent.

*Albernaz v. United States, supra* at 340. In *State v. Potter,* 31 Wn. App. 883, 645 P.2d 60 (1982), the court held that reckless endangerment and reckless driving were the "same

---

[1]RCW 9A.44.010(6) defines consent as:

"'Consent' means that at the time of the act of sexual intercourse there are actual words or conduct indicating freely given agreement to have sexual intercourse."

offense" when the reckless endangerment was committed with an automobile, despite the fact that under the *Blockburger* test each crime required proof of an element lacking in the other. The court stated at pages 887–88:

> We have compared the statutory elements of reckless driving and reckless endangerment utilizing the *Blockburger* test. In doing so, we note that reckless endangerment has a general conduct element while reckless driving can arise only out of the operation of a vehicle. If we compare these two elements without reference to what actually occurred, it is apparent that reckless endangerment can be committed without committing reckless driving. If, however, the statutory elements are compared in light of what did in fact occur, we observe that proof of reckless endangerment through use of an automobile will *always* establish reckless driving. We have reservations concerning the efficacy of the *Blockburger* test when the result turns on such subtle distinctions.

The same analysis applies here. Whenever someone over 18 years of age commits an act of nonconsensual intercourse upon a victim less than 16 years old, statutory rape in the third degree is committed ipso facto. The *Blockburger* test is of limited use in discerning legislative intent in such a situation.

The State is also correct when it asserts that each of the statutory sections, taken alone, is unambiguous and does not permit construction. Taken together, however, the two statutes are silent as to whether multiple convictions for a single act of sexual intercourse have been authorized and we must look to other indicia of legislative intent.

The State urges us to disregard "archaic cases and repealed statutes" in our search for legislative intent, arguing that "third degree rape was first legislatively proscribed in 1976." Were we to restrict our analysis to the current rape statute, we would hold, as did the Supreme Court in *State v. Johnson,* 92 Wn.2d at 678, that the statutes evince a legislative intent "to remove the occasion for 'pyramiding' crimes," and not an intent to authorize multiple convictions

for a single act of intercourse. The comprehensiveness of RCW 9A.44, providing different grades of punishment depending on the underlying circumstances of the rape, suggests that the Legislature's primary intent was to prohibit acts of unlawful sexual intercourse, with a secondary feature making punishment dependent on the accompanying circumstances. We discern an intent to punish as a class C felony nonconsensual intercourse or intercourse where the victim is between 14 and 16 and to reserve harsher punishments for those rapes involving force or younger victims. Where the Legislature set out different grades of rape with different punishments, we should not avoid this plan by multiplying convictions arising out of a single act of intercourse.

Consideration of pre–1976 legislation and case law supports our conclusion. Rape has been a statutory offense in Washington since before statehood. "In the construction of statutes which reenact with certain changes, or repeal, former statutes, or which contain revisions or codifications of earlier laws, resort may be had to repealed and superseded statutes *in pari materia.*" *Great N. Ry. v. Cohn,* 3 Wn.2d 672, 687, 101 P.2d 985 (1940).

Both "rape" and "statutory rape" were known to the common law, the latter taking its appellation from "an early English statute, Statute of Elizabeth chapter 7 § 4, which has been said to be declaratory of the common law". 75 C.J.S. *Rape* § 1 (1952). Early Washington codifications followed the common law and made both "forcible" and "statutory" rape a single crime of rape. Section 812 of the Code of 1881, for example, provided:

> If any person ravish and carnally know any female *of the age of twelve years or more,* by force and against her will, or carnally know and abuse any female child under the age of twelve years, he shall be punished by imprisonment in the penitentiary for life or any term of years.

(Italics ours.) Under this statute, forcible rape could not be committed on a female under the age of 12, so that the problem of multiple convictions for a single act of inter-

course could not arise. In *State v. Elswood,* 15 Wash. 453, 454, 46 P. 727 (1896), the court held that the rape statute

> has provided for but one crime, that of rape; that it has provided the acts necessary to constitute the crime in the case of an adult, and also those which would constitute the crime in the case of a child. But in either case the offense therein defined is that of rape.

In 1897 the Legislature raised the "age of consent" to 18 by amending the rape statute to read:

> A person shall be deemed guilty of rape who—
> 1. Shall, by force and against her will, ravish and carnally know any female of the age of eighteen years or more;
> 2. Shall, by deceit, deception, imposition or fraud induce a female to submit to sexual intercourse;
> 3. Shall carnally know any female child under the age of eighteen years.

Laws of 1897, ch. 19, p. 19. In *State v. Roller,* 30 Wash. 692, 697, 71 P. 718 (1903), the court stated that proof that the victim was under 18 years of age gives rise to a conclusive presumption of force. Likewise, in *State v. Fetterly,* 33 Wash. 599, 601, 74 P. 810 (1903), the court held that "allegations of force and nonconsent" in an information charging rape of a child under 18 were "mere surplusage." And in *State v. Adams,* 41 Wash. 552, 553, 83 P. 1108 (1906), the court held that an information charging forcible rape of a female under 18 years charged but one crime, since "[t]he statute defines but one crime and prescribes but one penalty therefor." In addition, continued the court on page 555, the information could not be said to charge forcible rape because it alleged that the victim was under the age of 18.[2]

---

[2]These cases are not remarkable in and of themselves, as the single rape statute clearly defined one crime and made it impossible to forcibly rape a victim under the age of consent by including an age restriction on forcible rape. What is important, however, is that the court continued to employ the "single crime" analysis even after 1909 when statutory rape, or "Carnal Knowledge of Children," as it was then called, was put in a statutory section of its own, thereby supporting our conclusion that the Legislature intended not to define separate crimes as a predicate for multiple convictions, but rather intended to establish graded punishments tailored to various fact situations.

In 1909 the Legislature recodified the criminal statutes, drawing heavily from the codes of New York and Minnesota. Laws of 1909, ch. 249. For the first time rape and statutory rape appeared in separate sections. The 1909 code provided:

## CHAPTER 6.
### CRIMES AGAINST MORALITY, DECENCY, ETC.
#### RAPE, ABDUCTION, CARNAL ABUSE, ETC.

SEC. 183. *Rape.*

Rape is an action of sexual intercourse with a female not the wife of the perpetrator committed against her will and without her consent. Every person who shall perpetrate such an act of sexual intercourse with a female of the age of ten years or upwards not his wife:

1. When, through idiocy, imbecility or any unsoundness of mind, either temporary or permanent, she is incapable of giving consent; or

2. When her resistance is forcibly overcome; or

3. When her resistance is prevented by fear of immediate and great bodily harm which she has reasonable cause to believe will be inflicted upon her; or

4. When her resistance is prevented by stupor or weakness of mind produced by an intoxicating narcotic or anaesthetic agent administered by or with the privity of the defendant; or

5. When she is at the time unconscious of the nature of the act, and this is known to the defendant;

Shall be punished by imprisonment in the state penitentiary for not less than five years.

SEC. 184. *Carnal Knowledge of Children.*

Every person who shall carnally know and abuse any female child under the age of eighteen years, not his wife, shall be punished as follows:

1. When such child is under the age of ten years, by imprisonment in the state penitentiary for life;

2. When such child is ten and under fifteen years of age, by imprisonment in the state penitentiary for not less than five years;

3. When such child is fifteen and under eighteen years of age, and of previously chaste character, by imprisonment in the state penitentiary for not more than ten years, or by imprisonment in the county jail for not more than one year.

Section 48 of the 1909 code provided that "[t]he provisions of this act, in so far as they are substantially the same as existing statutes, shall be construed as continuations thereof and not as new enactments."

If the Legislature had intended multiple convictions under the 1909 statute for a single act of intercourse violative of both sections, such a statutory scheme would lead to an anomalous result: if the victim were under 10 years of age, only a conviction for "carnal knowledge of children" could be obtained. If the victim were between 10 and 18, however, the perpetrator could be convicted of both rape and carnal knowledge.

In *State v. Dye,* 81 Wash. 388, 142 P. 873 (1914), the defendant was charged, under section 184, with carnal knowledge of a child between 10 and 15 years of age. The charges were dismissed at the close of the State's case for insufficient evidence. The next day, the State filed a charge, under section 183, of forcible rape of "'a female child above the age of ten years, to wit: of the age of about fifteen years'". *Dye,* at 389. The defendant pleaded former acquittal by way of defense and the Supreme Court agreed, reversing the conviction after a jury verdict of guilty in the second trial. The court stated at page 390:

> Under either statute, and under either information, the element of force is immaterial. We have, therefore, in legal effect, the same charge, under which evidence of the same offense might have been admitted, the only open question being the immaterial one of force.

The same reasoning applies to the instant case. "[I]f a prosecutor may not secure a subsequent conviction for the same offense, he should not be permitted to secure a concurrent conviction." *State v. Johnson,* 92 Wn.2d 671, 679, 600 P.2d 1249 (1979).

In *State v. Allen,* 128 Wash. 217, 219, 222 P. 502 (1924), the court held that an information charging forcible sexual intercourse with a child 13 years of age charged but a single crime, despite definition by the Legislature in two separate statutory sections:

It is at once apparent, of course, that the provisions of the one section of the statute overlap the provisions of the other—that is to say, a single act may be a rape by force and a rape because of the age of the victim of the offense—but this circumstance does not prohibit a prosecution founded on either section of the statute. There is no such direct conflict that the one impliedly repeals the other, and in such cases the prosecuting officer has the right of election to proceed under either. Here the election was to proceed under the section containing the element of force, and we conclude that the prosecuting officer was within his privileges in so doing.

In *State v. Dixon,* 143 Wash. 262, 255 P. 109 (1927), the court approved a 2–count information charging forcible rape and carnal knowledge arising from a single act of intercourse, ruling that the prosecutor was free to charge and try both crimes. The court did not rule on the question of multiple convictions, however, since the jury found the defendant guilty only of the forcible rape charge.

In *State v. Powers,* 152 Wash. 155, 160, 277 P. 377 (1929), however, the court stated:

The crime of rape by force and the crime of rape because of the age of the victim, are defined, it is true, in separate sections of the statute, but *this does not make a single act which is violative of both sections, separate crimes.* The pleader may charge the offense as a rape by force and as a rape because of age, and if he proves either or both, he satisfies the statute and the defendant may be convicted.

(Italics ours.)

In 1975 the rape and carnal knowledge sections of the criminal code were replaced with sections dividing both "rape" and "statutory rape" into three degrees, similar to the present structure. Laws of 1975, 1st Ex. Sess., ch. 14, p. 172. The Legislature removed the requirement that the victim of a "rape" be over the age of 10, and added an offense of nonconsensual intercourse as third degree rape. We find no indication, however, that by these changes the Legislature intended to permit multiple convictions where a single act of intercourse violated both the rape and the statutory

rape sections. Rather, the legislative changes indicate an intent to further grade sexual offenses by the degree of force used and the age of the victim. The severity of the punishments for the different degrees of both rape and statutory rape indicate that the Legislature took into account the heinous nature of the crimes when defining them as it did.

We conclude that the Legislature has not authorized multiple rape convictions arising out of a single act of sexual intercourse violating more than one of the statutory sections defining rape and statutory rape. The history of the rape statutes shows legislative intent and judicial recognition that both the rape and the statutory rape statutes define a single crime of rape with the degree of punishment dependent on the underlying circumstances. The rape statutes continued to describe a single crime even after they were broken into separate statutory sections. *State v. Powers, supra.* This court may not vary the statutory scheme from that enacted by the Legislature. *Jenkins v. Bellingham Municipal Court,* 95 Wn.2d 574, 627 P.2d 1316 (1981). We resolve any doubts "against turning a single transaction into a multiple offense." *State v. Arndt,* 87 Wn.2d 374, 385, 553 P.2d 1328 (1976).

Any prejudice to the defendant caused by the multiple convictions may be remedied by striking one of the convictions. *State v. Johnson,* 92 Wn.2d 671, 682, 600 P.2d 1249 (1979). Accordingly, the judgment and sentence is vacated, and the cause is remanded for resentencing on a *single conviction of either statutory rape in the third degree* or third degree rape.

Remanded.

SWANSON, J., concurs.

ANDERSEN, C.J. (concurring in the result)—I have serious doubts as to whether this case really involves a "manifest error affecting a constitutional right" at all, as the majority seems to conclude. The most plausible reason the defend-

ant did not raise the double jeopardy issue in the trial court is that whether he was convicted of one crime or two was immaterial to him since, having received concurrent sentences, he would serve the same term in either event. Review of the issue having been accepted, however, I agree that resentencing for a single crime is required based on the established principle that

> The crime of rape by force and the crime of rape because of the age of the victim, are defined, it is true, in separate sections of the statute, but this does not make a single act which is violative of both sections, separate crimes.

*State v. Powers,* 152 Wash. 155, 160, 277 P. 377 (1929).

Reconsideration denied October 18, 1982.

Review denied by Supreme Court January 7, 1983.