[No. 45306. En Banc. October 12, 1978.]

LINDA DUFFY, ET AL, *Appellants,* v. THE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, *Respondent.*

*William L.E. Dussault* and *Sweet & Dussault,* for appellants.

*Slade Gorton, Attorney General,* and *Robert M. McDonald, Assistant,* for respondent.

UTTER, J.—Appellant Linda Duffy, as the representative payee for social security benefits belonging to Gary Jenkins,

appeals the superior court's partial affirmance of an administrative decision finding Gary Jenkins financially responsible for his care in the state institution. We reverse a portion of that decision which determined that a part of the administrative decision was valid.

Gary Jenkins is an adult male of approximately 27 years of age and a resident of the Rainier School at Buckley. He was placed there by the King County Juvenile Court in 1967 because of his developmental handicaps. After reaching the age of majority, he voluntarily remained at the school. He has no legal guardian and, since reaching the age of majority, has not been declared incompetent or placed under legal disability. He receives monthly financial assistance from the federal social security administration. These payments are made to him through a representative payee as defined and appointed through federal regulations. *See* 20 C.F.R. § 404.1601–1610. Throughout the proceedings below and up until the filing of briefs in this case, the representative payee was Gary Jenkins' mother, Eileen Jenkins. After Mrs. Jenkins' recent death, Linda Duffy, Gary Jenkins' sister, became the representative payee and was substituted as a party to this appeal.

On March 26, 1974, the Department of Social and Health Services (DSHS) issued a notice of finding of responsibility declaring that Gary Jenkins was required to reimburse DSHS for the cost of his care at the Rainier School subject to certain exemptions which provide that a resident of such an institution may keep a $200 cash reserve and a $25 per month income. That notice was served, pursuant to RCW 72.33.670,[1] on Eileen Jenkins and the superintendent of the Rainier School. No notice was served upon Gary Jenkins at any time; the statute does not require service of notice upon residents of the state institutions.

---

[1] "In all cases where a determination is made that the estate of a mentally or physically deficient person who resides at a state residential school is able to pay all or any portion of the monthly charges, a notice and finding of financial responsibility shall be personally served on the guardian of the resident's estate, or if no guardian has been appointed then to his spouse or parents or other person

Mrs. Jenkins appealed this determination upon behalf of Gary Jenkins to the Secretary of DSHS, who affirmed the finding of financial responsibility. Appeal to the Superior Court followed. Several grounds for appeal were advanced: (1) Gary Jenkins was denied equal protection because residents of group homes for the retarded are allowed greater exemptions from financial responsibility, and residents of institutions for deaf and blind receive their care without charge; (2) RCW 72.33.670 is unconstitutional under the state constitution, article 13, because that provision requires the State to provide free care for Gary Jenkins; (3) the administrative agency misconstrued the federal regulations relating to representative payees in upholding the finding of financial responsibility; and (4) RCW 72.33-.670 and the procedure followed in this case are unconstitutional because the statute makes no provision for notice to the resident of a state institution of the DSHS finding of financial responsibility, and no such notice was given in this case.

The superior court judge found that RCW 72.33.670 is unconstitutional in failing to provide for notice to adult

acting in a representative capacity and having property in his possession belonging to a resident of a state residential school and the superintendent of the state residential school. The notice shall set forth the amount the department has determined that such estate is able to pay per month, not to exceed the monthly charge as fixed in accordance with RCW 72.33.660, and the responsibility for payment to the department of institutions shall commence thirty days after personal service of such notice and finding of responsibility. An appeal from the determination of responsibility may be made to the director by the guardian of the resident's estate, or if no guardian has been appointed then by his spouse, parent or parents or other person acting in a representative capacity and having property in his possession belonging to a resident of a state residential school, within such thirty day period upon written notice of appeal being served upon the director by registered or certified mail. If no appeal is taken, the execution of notice and finding of responsibility shall be stayed pending the decision of such appeal. Appeals may be heard in any county seat most convenient to the appellant. The hearing of appeals may be presided over by a hearing examiner and the proceedings shall be recorded either manually or by a mechanical device. Any such appeal shall be a 'contested case' as defined in RCW 34.04.010, and practice and procedure shall be governed by the provisions of RCW 72.33.650 through 72.33.700, the rules and regulations of the department of institutions, and the Administrative Procedure Act, chapter 34.04 RCW." RCW 72.33.670.

residents of state institutions who are not under any legally declared disability and who have no legal guardian. However, he held that despite this infirmity the administrative finding and order could operate on Gary Jenkins' property in the custody of Eileen Jenkins by virtue of service upon her in her representative payee status. Thus, he held that the social security payments of Gary Jenkins were properly available for payment of Gary Jenkins' cost of care, and that the State could take his property in the hands of Eileen Jenkins without notice to him. The trial judge dismissed the other claims, concluding they were without merit.

All grounds for appeal listed above are reasserted on this appeal. Respondent DSHS cross–appeals the determination that RCW 72.33.670 is unconstitutional as to Gary Jenkins.

Grounds (1), (2), and (3) are without merit. There is no equal protection violation. Such a violation occurs only when impermissible distinctions are drawn between members of the same class. *Herriott v. Seattle,* 81 Wn.2d 48, 500 P.2d 101 (1972). The distinctions here do not invoke strict scrutiny and the legislature is therefore accorded wide discretion in the designation of classes; statutes will not be presumed violative of equal protection principles. *Moran v. State,* 88 Wn.2d 867, 568 P.2d 758 (1977). There is enough distinction between the facilities, care, and funding of institutions and those of group residence homes to support differences in the allowable exemptions. The sightless and deaf present a sufficiently different class to permit the statutory distinctions. Similarly, there is no violation of article 13 if the state constitution providing that institutions for the handicapped, as well as penal and educational institutions, shall be "fostered and supported by the state, subject to such regulations as may be provided by law." *State v. Pierce County,* 132 Wash. 155, 231 P. 801, 46 A.L.R. 594 (1925), clearly demonstrates that this constitutional provision is not to be construed to require that all funds supporting such institutions come from the State. Finally, we

construe 20 C.F.R. § 404.1606[2] to require the representative payee to exercise her discretion in favor of institutional maintenance charges in this situation and that, therefore, it is not violative of federal regulations for the State to require her to so apply the social security funds received.

The final ground for appeal is more substantial. It presents the following issue: Is the procedure followed in this case violative of due process principles because no notice of the administrative action was directed to Gary Jenkins? Our conclusion is that the procedure followed is unconstitutional, and therefore the finding of financial responsibility is void for all purposes.

RCW 72.33.670 provides for notice to a guardian, spouse, parent, or "other person acting in a representative capacity and having property in his possession belonging to a resident of a state residential school" when DSHS makes a finding of financial responsibility. This notice is to provide an opportunity for appeal of this determination. If appeal is not made, the administrative determination becomes final.

The statute makes no provision for service upon the resident himself. For most residents, this is apparently unnecessary, as most are under legal disability as a result of their minority and/or the appointment of a legal guardian. However, Gary Jenkins is not subject to any legally declared disability. As a result, the statute is defective as applied here in failing to provide for notice to Gary Jenkins. DSHS did not serve notice upon him, thus making no attempt to correct the statutory defect. Due process

---

[2] "§ 404.1606 Use of benefits for beneficiary in institution.

"Where a beneficiary is confined in a Federal, State or private institution because of mental or physical incapacity, the relative or other person to whom payments are certified on behalf of the beneficiary shall give highest priority to expenditure of the payments for the current maintenance needs of the beneficiary, including the customary charges made by the institution (see § 404.1604) in providing care and maintenance. It is considered in the best interests of the beneficiary for the relative or other person to whom payments are certified on the beneficiary's behalf to allocate expenditure of the payments so certified in a manner which will facilitate the beneficiary's earliest possible rehabilitation or release from the institution or which otherwise will help him live as normal a life as practicable in the institutional environment."

requires notice reasonably calculated to apprise a party of proceedings which will affect him. *State v. Ralph Williams' North West Chrysler Plymouth, Inc.*, 87 Wn.2d 327, 553 P.2d 442 (1976); *Olympic Forest Prods., Inc. v. Chaussee Corp.*, 82 Wn.2d 418, 511 P.2d 1002 (1973). The due process requirement of notice to a party before a determination affecting his property is made applies to administrative hearings. *Bowing v. Board of Trustees*, 85 Wn.2d 300, 534 P.2d 1365 (1975); *Cuddy v. Department of Pub. Assistance*, 74 Wn.2d 17, 442 P.2d 617 (1968).

Respondent asserts that the status of first Eileen Jenkins and now Linda Duffy as representative payee under federal law makes service upon that payee sufficient. This is erroneous because a representative payee is not the equivalent of a legal guardian. The federal regulations do not require any determination of incompetency or any legal proceeding at all prior to appointment of a representative payee. Indeed, the federal regulations do not require that there be incompetency in fact before appointment of a representative payee is permissible. Respondent further maintains that it is proper in any event to require the representative payee to apply property in her hands to the institutional charges levied against the institutional resident. This, too, is incorrect; the property, although in the hands of the representative payee, is still property of Gary Jenkins and no determinations regarding that property can be made without notice to him or a legally appointed guardian.

Respondent claims that the procedure followed here is not objectionable because the administrative decision is not enforceable by itself, and that judicial action is required before collection can be enforced. It is asserted that when judicial enforcement is sought the resident would receive notice and could then contest the administrative decision on the merits, thereby having the necessary opportunity to be heard. This argument overlooks the effect of the administrative determination. That determination is subject to

judicial review under RCW 34.04.130 only upon the traditional grounds of judicial review of administrative action; the courts cannot relitigate the issue and substitute their judgment for that of the administrative agency. *King County Water Dist. 54 v. King County Boundary Review Bd.*, 87 Wn.2d 536, 554 P.2d 1060 (1976); *Hayes v. Yount,* 87 Wn.2d 280, 552 P.2d 1038 (1976). Once final, the administrative determination is not subject to collateral attack in an enforcement action.

The finding of financial responsibility is of no effect because of the failure of the procedure followed here to meet the due process requirements.

WRIGHT, C.J., and ROSELLINI, HAMILTON, STAFFORD, BRACHTENBACH, HOROWITZ, DOLLIVER, and HICKS, JJ., concur.