[No. 81270-5.   En Banc.]
Argued May 7, 2009.     Decided July 23, 2009.

THE STATE OF WASHINGTON, *Respondent*, v. RAYMOND CARL HUGHES, *Petitioner*.

*David N. Gasch*, for petitioner.

*Steven J. Tucker*, *Prosecuting Attorney*, and *Mark E. Lindsey*, *Deputy*, for respondent.

¶1 C. JOHNSON, J. — This case asks us to resolve two issues arising out of Raymond Carl Hughes' guilty plea to two counts of rape resulting from one act of sexual intercourse with a child. We are asked to determine whether his convictions violate double jeopardy and whether the trial court has the authority to impose an indeterminate exceptional minimum sentence under certain sections of the Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW. The superior court denied Hughes' motion to strike one conviction on double jeopardy grounds and held that it lacked authority under *Blakely*[1] to impanel a jury to impose an exceptional sentence. The State appealed the sentencing issue to the Court of Appeals, Division Three. Hughes cross-appealed on the double jeopardy issue. The Court of Appeals held that the court may impose an exceptional minimum sentence under an indeterminate sentencing

---

[1] *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004).

scheme. In a published, split decision,[2] the Court of Appeals majority also held the two convictions did not violate double jeopardy, while the dissent contends that they did. We reverse the Court of Appeals on the double jeopardy issue and affirm on the sentencing issue.

## FACTUAL AND PROCEDURAL HISTORY

¶2 Hughes, a 35-year-old man, was hired as a nurse for S.E.H., a 12-year-old child with cerebral palsy. On or about April 20, 2004, Hughes engaged in one act of sexual intercourse with S.E.H. The State charged him with one count of rape of a child in the second degree, RCW 9A.44.076(1), and one count of rape in the second degree due to the victim's inability to consent by reason of physical helplessness or mental incapacity, RCW 9A.44.050(1)(b). Hughes sought to dismiss one of the charges prior to trial on the basis of double jeopardy. The trial court denied the motion.

¶3 On October 14, 2004, Hughes pleaded guilty to both charges as set forth in the information and attached to the plea agreement. Hughes did not stipulate to any facts other than what he admitted to in the "Statement of the Defendant on Plea of Guilty to Sex Offense."[3] Before sentencing, the State filed a memorandum in support of an exceptional sentence. Before the trial court, the parties argued the applicability of the *Blakely*[4] decision to Hughes' sentencing. The trial court ruled that, under *Blakely*, it lacked

---

[2] *State v. Hughes*, 142 Wn. App. 213, 173 P.3d 983 (2007).

[3] In the "Statement of the Defendant on Plea of Guilty to Sex Offense," Hughes stated:

> [Count] I: I engaged in sexual intercourse with S.E.H. when she was 12 years old on 4/20/04 in Spokane, WA.
> [Count] II: I engaged in sexual intercourse with S.E.H., who was not capable of giving consent on 4/20/04 in Spokane, WA.

[4] *Blakely* held that under the Sixth Amendment to the United States Constitution, findings of fact that increase a defendant's punishment beyond the statutory maximum sentence for a crime must be admitted by the defendant or found by a jury beyond a reasonable doubt. 542 U.S. at 303.

the statutory authority to impanel a jury and that no exceptional sentence could therefore be considered. At sentencing, pursuant to former RCW 9.94A.712 (2001), the trial court imposed a sentence with a minimum term of 102 months and a maximum of life, a figure that reflected the top end of the standard range.

¶4 The State appealed the trial court's denial of its request for an exceptional sentence to the Court of Appeals, Division Three. Hughes cross-appealed on double jeopardy grounds, arguing that only one conviction should result from one act of sexual intercourse. The Court of Appeals delayed the appeal of the trial court's decision on the exceptional sentence issue until we decided *State v. Clarke*, 156 Wn.2d 880, 134 P.3d 188 (2006). The Court of Appeals held that, pursuant to *Clarke*, a trial court may impose an exceptional minimum sentence under an indeterminate sentencing scheme, such as RCW 9.94A.712, without violating *Blakely* when the exceptional sentence does not exceed the maximum sentence imposed. In a split decision, the majority of that court also found that under the "same evidence rule," Hughes' two convictions did not violate double jeopardy and upheld both convictions. The dissent disagreed and argued that the legislature did not intend convictions for rape and statutory rape arising out of a single act to result in multiple punishments.

¶5 Hughes petitioned this court for review, raising two issues. He argues that the Court of Appeals erred in concluding that his convictions do not violate double jeopardy. He also contends that under the current SRA, no procedure for judicial fact finding of aggravating circumstances exists to support an exceptional sentence and the SRA prohibits exceptional minimum indeterminate sentencing. Accordingly, Hughes asks us to reverse the Court of Appeals holding that the trial court has the authority to impose an exceptional sentence.

## ISSUES

(1) Whether convictions for rape of a child in the second degree and rape in the second degree due to nonconsent by reason of mental incapacity or physical helplessness which arise out of the same act violate double jeopardy.

(2) Whether the trial court has the authority to impose an indeterminate exceptional minimum sentence.

## ANALYSIS

### ■ A. *Double Jeopardy*[5]

■ ¶6 Claims of double jeopardy are questions of law, which we review de novo. The United States Constitution provides that a person may not be subject for the same offense to be twice put in jeopardy of life or limb. U.S. CONST. amend. V. Similarly, the Washington State Constitution provides that a person may not be twice put in jeopardy for the same offense. WASH. CONST. art. I, § 9.

■ ¶7 To analyze a double jeopardy claim, we first examine the statutory language to see if the applicable statutes expressly permit punishment for the same act or transaction. If the statutes do not speak to multiple punishments for the same act, we next apply the "same evi-

---

[5] The State did not raise the issue of whether the defendant's guilty plea precludes him from challenging his convictions on double jeopardy grounds. At oral argument, the State conceded that Hughes' plea did not constitute a waiver of his ability to challenge his convictions on the basis of double jeopardy. Therefore, we follow *State v. Knight*, 162 Wn.2d 806, 174 P.3d 1167 (2008). In *Knight*, we held that a conviction entered pursuant to a plea agreement can be vacated when two convictions violate double jeopardy. We reasoned in part that it is not the guilty plea itself that offends double jeopardy but rather the entry of the convictions that violates double jeopardy. *See also State v. Martin*, 149 Wn. App. 689, 694-99, 205 P.3d 931 (2009) (Court applied *Knight* and held convictions for second degree assault and attempted third degree rape entered pursuant to plea agreement violated double jeopardy because offenses are the same in law and fact. The court reasoned in part *Knight* is applicable to theories of double jeopardy other than unit of prosecution theory.); *cf. State v. Amos*, 147 Wn. App. 217, 195 P.3d 564 (2008).

dence" analysis.[6] Even if the two statutes pass the same evidence inquiry, multiple convictions may not stand if the legislature has otherwise clearly indicated its intent that the same conduct or transaction will not be punished under both statutes. *State v. Jackman*, 156 Wn.2d 736, 746, 132 P.3d 136 (2006). Here, the statutes at issue do not expressly permit punishment for the same act. Therefore, we analyze the statutes under the same evidence test.

¶8 Under the same evidence test, two statutory offenses are the same for double jeopardy purposes if the offenses are identical in law and in fact. If each offense includes an element not included in the other, and each requires proof of a fact the other does not, then the offenses are not constitutionally the same under this test. *Jackman*, 156 Wn.2d at 747. Here, the statutes at issue are RCW 9A.44.076, rape of a child in the second degree,[7] and RCW 9A.44.050, rape in the second degree.[8]

¶9 Before the Court of Appeals, the State argued that the two offenses are not the same in law or in fact. First, the State maintained that the elements of the crimes are different. It argued that the second degree child rape statute requires proof of age of the victim and the defendant, whereas rape in the second degree requires proof that the victim was incapable of consent because of incapacitation. Second, the State argued that the crimes are factually

---

[6] We have recognized that the "same evidence test" has been called the "same fact test," the "same elements test," and the *"Blockburger* test," *Blockburger v. United States*, 284 U.S. 299, 52 S. Ct. 180, 76 L. Ed. 306 (1932). *See In re Pers. Restraint of Orange*, 152 Wn.2d 795, 816, 100 P.3d 291 (2004).

[7] **"9A.44.076 Rape of a child in the second degree.** (1) A person is guilty of rape of a child in the second degree when the person has sexual intercourse with another who is at least twelve years old but less than fourteen years old and not married to the perpetrator and the perpetrator is at least thirty-six months older than the victim. . . ."

[8] **"9A.44.050 Rape in the second degree.** (1) A person is guilty of rape in the second degree when, under circumstances not constituting rape in the first degree, the person engages in sexual intercourse with another person:

" . . . .

"(b) when the victim is incapable of consent by reason of being physically helpless or mentally incapacitated . . . ."

different. It stated that proving the defendant had sexual intercourse with a disabled person in violation of the second degree rape statute does not establish the elements of child rape—the age of the victim and the age differential between the participants. Similarly, proving that the defendant engaged in sexual conduct with a child did not prove that the victim was incapable of giving consent sufficient to satisfy the elements for second degree rape. In sum, the State argued that proof of one crime fails to prove the other. Reply Br. of Appellant/Cross-Resp't at 1-4. The Court of Appeals majority agreed.

¶10 Echoing the Court of Appeals dissent, Hughes maintains that although the crimes initially appear different, the differences between them are illusory, since both require proof of nonconsent because of the victim's status. The dissent reasoned that the "State *could prove* second degree rape by showing that the mental incapacity is caused by the victim's age." *Hughes*, 142 Wn. App. at 219 (Schultheis, A.C.J., dissenting) (emphasis added). Under our case law, the dissent further reasoned that the minority age of a victim could qualify as "mental incapacity" under RCW 9A.44.010(4).[9] Given the cases wherein proof of minority age served as proof of mental incapacity or incompetency in other contexts, under the rape statutes, proof of mental incapacity *could be* proved by proof of one's minority age. *See, e.g., Duffy v. Dep't of Soc. & Health Servs.*, 90 Wn.2d 673, 678-79, 585 P.2d 470 (1978) (minority age is a legal disability); *State v. Clemens*, 78 Wn. App. 458, 467, 898 P.2d 324 (1995) (courts presume minors lack capacity to consent to sexual relations because they are too immature to rationally or legally consent).

¶11 For the purposes of double jeopardy analysis, we hold that, in this case, the two offenses are the same in

---

[9] " 'Mental incapacity' is that condition existing at the time of the offense [which] prevents a person from understanding the nature or consequences of the act of sexual intercourse whether that condition is produced by illness, defect, the influence of a substance or from some other cause." RCW 9A.44.010(4).

fact and law.[10] Here, the two offenses are the same in fact because they arose out of one act of sexual intercourse with the same victim.[11] Here, both offenses are also the same in law. Although the elements of the crimes facially differ, both statutes require proof of nonconsent because of the victim's status. Regardless of whether nonconsent is proved by the age of the victim and the age differential between the victim and the perpetrator or by the mental incapacity or physical helplessness of the victim, both statutes protect individuals who are unable to consent by reason of their status. Therefore, these crimes do not pass the same elements analysis. The legislature's intent to preclude multiple punishments for the crimes of rape and rape of a child arising out of one act of sexual intercourse is confirmed by considering other indicia of legislative intent.

¶12 Legislative intent may be determined by legislative history, the structure of the statutes, their purpose, or other sources. *State v. Freeman*, 153 Wn.2d 765, 773, 108 P.3d 753 (2005). In determining legislative intent, the Court of Appeals majority considered the purpose of the statutes as well as their structure. However, the majority failed to address that two cases recognize the legislature's intent to prohibit multiple convictions where a single act of intercourse violated both the rape and child rape sections of our code. *State v. Birgen*, 33 Wn. App. 1, 651 P.2d 240 (1982); *State v. Calle*, 125 Wn.2d 769, 888 P.2d 155 (1995).

¶13 First, the Court of Appeals majority reasoned that the two statutes serve different purposes. According to the majority, one statute protects the young regardless of their age or mental status, and the other protects physically

---

[10] We note that what "could be proved" at trial is somewhat irrelevant to our double jeopardy analysis. Pet. for Review at 15. Hughes was convicted by way of guilty plea, making potential trial evidence, which was never presented because he pleaded guilty, beside the point. We consider only the facts in the record before us.

[11] *See State v. Calle*, 125 Wn.2d 769, 777, 888 P.2d 155 (1995) (holding in part that the offenses of rape and incest are the same in fact because they arose out of the same act wherein the defendant had sexual intercourse with the victim, his stepdaughter).

helpless or mentally incapacitated persons of any age who are incapable of protecting themselves from persons of any age. The majority construes the purpose of the statutes too narrowly. As the Court of Appeals dissent reasoned, both "protect from sexual intercourse persons who are vulnerable and incapable of legal consent due to either their youth (second degree child rape) or other incapacitating condition (second degree rape)." *Hughes,* 142 Wn. App. at 221 (Schultheis, A.C.J., dissenting). As we acknowledged above, each statute establishes strict liability based on the inability to consent due to victim's status.

¶14 Second, the majority found that because the crimes of rape of a child and second degree rape are in separate code sections, the legislature intended to permit multiple punishments for those convictions. This is not the case however. The crimes are located in different subsections of the same portion of the code, chapter 9A.44 RCW, "Sex Offenses." *See Calle,* 125 Wn.2d at 780 (court found crimes of incest and rape were in separate code sections because incest is in "Family Offenses," chapter 9A.64 RCW, and rape is in "Sex Offenses," chapter 9A.44 RCW); *Jackman,* 156 Wn.2d at 748 (court found crimes of sexual exploitation of a minor and communication with a minor for immoral purposes were in same code section because they were both under "Sexual Exploitation of Children," chapter 9.68A RCW).

¶15 Finally, in two cases, our courts have specifically recognized that the legislature did not intend one act of sexual intercourse to violate both the rape and statutory rape provision of our code. In *Birgen,* the Court of Appeals, Division One examined the third degree rape and third degree rape of a child statutes. It concluded that the legislature did not intend for a defendant to be convicted of both nonconsensual rape and statutory rape for a single act of intercourse. In reaching this result, the court reviewed the historical development of Washington rape statutes and the case law interpreting them. The court found the history of the rape statutes shows both the legislative intent and

the judicial recognition that "rape" and "statutory rape" define a single crime of rape with the degree of punishment depending on the underlying circumstances. It further found that although the legislature divided the crimes into different statutory subsections, our case law continued to describe rape and statutory rape as a single crime. *Birgen*, 33 Wn. App. at 13-14. In *Calle*, this court found *Birgen's* result sustainable on double jeopardy grounds.[12] *Calle*, 125 Wn.2d at 775, 780.

¶16 For the foregoing reasons, we hold that Hughes' convictions for rape and rape of a child violate double jeopardy. Accordingly, we remand this case to the trial court for vacation of either the second degree rape conviction or the rape of a child in the second degree conviction.[13]

### B. Exceptional Sentencing

■ ¶17 Hughes next argues that under the *current* SRA, the trial court has no statutory authority to impose an exceptional minimum indeterminate sentence. Even if the SRA does not prohibit exceptional minimum indeterminate sentencing, Hughes argues that no statutory procedure

---

[12] *Birgen* was not decided on double jeopardy grounds because the defendant's sentences ran concurrently, and under Washington law at the time, multiple convictions did not violate double jeopardy if the sentences ran concurrently. That is no longer the case. *See Ball v. United States*, 470 U.S. 856, 864-65, 105 S. Ct. 1668, 84 L. Ed. 2d 740 (1985). However, in *Calle*, we cited *Birgen's* analysis of the rape and rape of a child statutes approvingly and noted that the *Birgen* court had tried to reach the double jeopardy issue despite the concurrent sentence rule then in effect. We upheld *Birgen* on double jeopardy grounds. *See Calle*, 125 Wn.2d at 772-75.

[13] In their briefing, the parties did not give us any guidance about which conviction to vacate, but Hughes asks us to vacate his second degree rape conviction. Br. of Resp't/Cross-Appellant at 10. The usual remedy for double jeopardy violations is to vacate the lesser offense. The lesser offense is determined primarily by which conviction has the shorter sentence, but courts have also considered other factors such as the seriousness level and the degree of the offense. *See State v. Weber*, 159 Wn.2d 252, 268, 149 P.3d 646 (2006). Here, based on Hughes' offender score of 0, as determined by the previous sentencing court, both convictions have the same sentencing range of 78-102 months, RCW 9.94A.510. Also, both crimes are class A felonies and have a seriousness level of XI, RCW 9.94A.515. Thus, it is not apparent from the code alone which conviction is the lesser offense. As such, which conviction to vacate necessitates further fact finding by the trial court.

exists for judicial fact finding; therefore, the trial court cannot impose such a sentence. His first argument fails, and the second issue he raises is not ripe for review. Further, both arguments incorrectly assume that the SRA's 2005 and 2007 amendments necessarily impact his case.

¶18 Hughes was sentenced under former RCW 9.94A.712 (2001), an indeterminate sentencing statute that governs sentencing for nonpersistent sex offenders. Under RCW 9.94A.712(3), the trial court must impose both a minimum and maximum sentence. The maximum sentence is the statutory maximum sentence for the offense, which in this case is life. When imposing the minimum sentence, the court may impose either a standard range or an exceptional sentence. If the court seeks to impose an exceptional minimum sentence, it must do so pursuant to RCW 9.94A.535, the general exceptional sentencing statute. When Hughes was sentenced, he was subject to the terms of former RCW 9.94A.535 (2003). Under that statute,

[a] sentence outside the standard range shall be a determinate sentence unless it is imposed on an offender sentenced under RCW 9.94A.712. An exceptional sentence . . . under RCW 9.94A.712 shall be to a minimum term set by the court . . . .

Thus, under former RCW 9.94A.535 (2003), an exceptional sentence imposed pursuant to RCW 9.94A.712 could be indeterminate and "set by the court."

¶19 In April 2005, the legislature amended RCW 9.94A.535 to comply with *Blakely* and provided that most aggravating factors to support an exceptional sentence must be found by a jury through the procedures set out in former RCW 9.94A.537 (2005). In 2005, the legislature also removed the provision from RCW 9.94A.535 excepting indeterminate sentences under RCW 9.94A.712. After the 2005 amendments, RCW 9.94A.535 states in relevant part, "A sentence outside the standard range shall be a *determinate* sentence." (Emphasis added.) In 2007, the legislature also added RCW 9.94A.537(2), which states that a court "may empanel a jury to consider any alleged aggra-

vating circumstances . . . at the new sentencing hearing." The legislature's 2007 statement of intent indicated that a court's authority to impanel a jury applied in all cases "regardless of the date of the original trial or sentencing." LAWS OF 2007, ch. 205, § 1.

¶20 Hughes argues that since RCW 9.94A.712(3) requires an exceptional minimum sentence to be set pursuant to current RCW 9.94A.535, which permits exceptional sentencing for *determinate* sentences only, then the trial court has no authority to sentence him to an *indeterminate* exceptional minimum sentence. Despite the gap that Hughes identifies in the current statutory scheme, we conclude that he is not subject to the 2005 amendments to RCW 9.94A-.535 because his convictions were entered in 2004 before those amendments became effective. *See State v. Pillatos*, 159 Wn.2d 459, 470, 150 P.3d 1130 (2007) (holding 2005 amendments applicable only to cases where trials have not yet begun or pleas have not yet been entered before amendments' effective date). We therefore hold that the trial court has the authority to consider the State's request for an exceptional minimum indeterminate sentence.[14]

¶21 As to Hughes' second point regarding the absence of a statutory procedure for judicial fact finding, it is premature for us to rule on this issue. Hughes has not been resentenced, and we do not know whether the sentencing court will judicially find any aggravating circumstances to support an exceptional sentence. When the trial court exercises its authority to resentence Hughes, it should consider former RCW 9.94A.535 (2003), which governs Hughes' sentencing. Under that statute, a court imposing an exceptional sentence is required to enter "written

---

[14] Even under the current SRA, exceptional minimum indeterminate sentences remain permissible. When the legislature amended RCW 9.94A.712, it did not remove the language permitting an exceptional minimum sentence. By the plain language of the current RCW 9.94A.712, a court has the authority to impose an exceptional minimum indeterminate sentence. Had the legislature intended to prohibit indeterminate exceptional minimum sentences or convert them into determinate sentences pursuant to RCW 9.94A.535, it would have made those alterations explicit.

findings of fact and conclusions of law" and is permitted to consider a nonexhaustive list of "illustrative factors" in imposing an exceptional sentence. Former RCW 9.94A.535 (2003). Thus, a statutory procedure for judicial fact finding exists. Pursuant to *Clarke*, such judicial fact finding in the context of the indeterminate sentencing scheme set out in RCW 9.94A.712 is not violative of the Sixth Amendment. 156 Wn.2d at 893. Therefore, no *Blakely* issue exists.

## CONCLUSION

¶22 We reverse in part and affirm in part. We reverse the Court of Appeals on the double jeopardy issue and hold that the two convictions violate double jeopardy. We affirm the Court of Appeals and hold that the trial court has the authority to consider the State's request for an exceptional minimum indeterminate sentence. Accordingly, we remand to the trial court for vacation of one conviction and further proceedings.

ALEXANDER, C.J., and SANDERS, CHAMBERS, OWENS, FAIRHURST, J.M. JOHNSON, and STEPHENS, JJ., concur.

MADSEN, J., concurs in result only.