# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 47313-5-II |
| Respondent, | |
| v. | |
| JOSH THOMAS EVANS, | UNPUBLISHED OPINION |
| Appellant. | |

MAXA, J. – Josh Evans appeals his convictions of obstructing a law enforcement officer under RCW 9A.76.020(1) and failing to obey a law enforcement officer under RCW 46.61.022. We hold that (1) the State presented sufficient evidence to support Evans's conviction for obstructing a law enforcement officer; and (2) as the State concedes, Evans's convictions for obstructing a law enforcement officer and failing to obey a law enforcement officer violate double jeopardy as multiple punishments for the same offense.[1]

Accordingly, we affirm Evans's conviction of obstructing a law enforcement officer and vacate his lesser conviction of failing to obey a law enforcement officer.

---

[1] Evans also argues that the State presented insufficient evidence to support his conviction for failing to obey a law enforcement officer. However, because we vacate Evans's conviction for failing to obey a law enforcement officer based on double jeopardy, we need not consider that sufficiency argument.

FACTS

On November 17, 2014, Washington State Patrol Sergeant Tod Surdam was on patrol of a rest area adjoining Interstate 5 when he approached a car that he suspected was in violation of the eight-hour limit for vehicles parked in the rest area. Evans was the only person in the car and was sitting in the driver's seat.

Surdam knocked on the driver side window and asked Evans to roll his window down, but Evans did not respond. Surdam asked Evans twice more in a louder voice to roll the window down, and Evans eventually lowered the window a few inches. Evans indicated to Surdam that he was aware of the eight-hour time limit in the rest area and did not wish to speak further.

In order to document his interaction with Evans, Surdam took a picture of Evans and then walked behind Evans's vehicle to take a picture of the license plate. Surdam noticed that the license tabs had expired. He informed Evans that his tabs were expired, and Evans responded that he had a trip permit. Surdam suspected that the trip permit was fake. As Surdam inspected the trip permit on the rear window of the vehicle, Evans began to back up the car. This caused Surdam to jump out of the way in order to avoid being run over. Evans then accelerated out of the rest area as Surdam yelled for him to stop. Surdam pursued Evans, caught up with him and pulled him over, and arrested him.

The State charged Evans with second degree assault, obstructing a law enforcement officer, failing to obey a law enforcement officer, and refusing to give information or cooperate with an officer. The charge for refusing to give information or cooperate with an officer was dismissed before trial.

A jury found Evans guilty of obstructing a law enforcement officer and failing to obey a law enforcement officer. The jury found Evans not guilty of second degree assault.

Evans appeals his convictions.

ANALYSIS

A.  SUFFICIENCY OF THE EVIDENCE – OBSTRUCTION

Evans argues that there was insufficient evidence to support a guilty verdict for obstructing a law enforcement officer. We disagree.

1.  Standard of Review

The test for determining sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. *State v. Homan*, 181 Wn.2d 102, 105, 330 P.3d 182 (2014). This court assumes the truth of the State's evidence and draws all reasonable inferences from the evidence in favor of the State. *Id.* at 106. We defer to the trier of fact for purposes of resolving conflicting testimony and evaluating the persuasiveness of the evidence. *Id.* Circumstantial evidence and direct evidence are equally reliable. *State v. Miller*, 179 Wn. App. 91, 105, 316 P.3d 1143 (2014).

2.  Analysis

Under RCW 9A.76.020(1), a person is guilty of obstructing a law enforcement officer if that person "willfully hinders, delays, or obstructs any law enforcement officer in the discharge of his or her official powers or duties." At trial, the State established that Surdam is a law enforcement officer and was acting within his official duties when he spoke with Evans. The

issue is whether the State produced sufficient evidence that Evans hindered, delayed, or obstructed Surdam in the discharge of his duties.

Here, Surdam was investigating whether Evans had violated the eight-hour time limit in the rest area and Evans's expired tabs and possible fake trip permit. Surdam testified that while he was checking the trip permit on the back of Evans's vehicle, Evans reversed the car and almost ran over him. Surdam also testified that despite his commands to stop, Evans accelerated out of the rest area. This evidence shows that Evans willfully hindered, delayed, or obstructed Surdam as he attempted to investigate Evans's possible violations of the law.[2]

Based on the evidence presented, a rational trier of fact could have found Evans guilty of willfully hindering, delaying, or obstructing a law enforcement officer beyond a reasonable doubt. Therefore, we hold that the State presented sufficient evidence to convict Evans for obstructing a law enforcement officer.

B.      DOUBLE JEOPARDY

Evans argues, and the State concedes, that Evans's convictions for obstructing a law enforcement officer and failing to obey a law enforcement officer violate his right to be free from double jeopardy. We accept the State's concession and agree.

---

[2] When an officer makes a lawful *Terry* stop, flight from the officer constitutes an obstruction of a law enforcement officer. *State v. Little*, 116 Wn.2d 488, 496-97, 806 P.2d 749 (1991). However, the State does not discuss whether this stop was a lawful *Terry* stop, and therefore we do not address this issue.

1.    Legal Principles

The Fifth Amendment to the United States Constitution and article I, section 9 of the Washington Constitution prohibit multiple punishments for the same offense. *State v. Villanueva-Gonzalez*, 180 Wn.2d 975, 979-80, 329 P.3d 78 (2014). However, if the legislature purposefully chose to impose multiple punishments for the same conduct, then the statutory punishments do not offend double jeopardy. *See State v. Harris*, 167 Wn. App. 340, 351, 272 P.3d 299 (2012). We review a claimed violation of double jeopardy de novo. *Villanueva-Gonzalez*, 180 Wn.2d at 979-80.

To evaluate double jeopardy claims, we "examine the statutory language to see if the applicable statutes expressly permit punishment for the same act or transaction." *State v. Hughes*, 166 Wn.2d 675, 681, 212 P.3d 558 (2009). If the statutes do not delineate multiple punishments for the same offense, we apply the same evidence test. *Id.* at 681-82. Under this analysis, two separate statutory crimes are considered in violation of double jeopardy if the offenses are "identical in law and in fact." *Id.* at 682.

2.    Same Evidence Analysis

Under RCW 9A.76.020(1), to sustain a conviction for obstructing a law enforcement officer the State must prove that a person "willfully hinders, delays, or obstructs" law enforcement personnel. Under RCW 46.61.022, a person is guilty of failing to obey a law enforcement officer if he "willfully fails to stop when requested or signaled to do so" by a law enforcement officer. Neither provision expressly permits the punishment for the same act or transaction. *See* RCW 9A.76.020; RCW 46.61.022.

We agree with the State that under the same evidence analysis, the offense of failing to obey a law enforcement officer is the same in law as obstructing law enforcement personnel. A person's willful failure to stop when requested by an officer in violation of RCW 46.61.022 necessarily constitutes willfully obstructing the officer, which is an offense under RCW 9A.76.020.

Under the facts of this case, the two offenses also are the same in fact. In closing argument, the State expressly stated that the State had met its burden to show Evans willfully failed to obey a law enforcement officer when he drove away while Surdam yelled for him to stop. But the State did not clearly argue what evidence satisfied the elements of obstructing a law enforcement officer. Instead, the State said, "So did the defendant do that? Did he willfully hinder, delay or obstructed [sic] Sergeant Surdam's investigation? That's for you to decide." Verbatim Report of Proceedings (Feb. 18, 2015) at 278.

Based on the State's failure to distinguish between the evidence supporting the two crimes, a reasonable jury could have relied on the same evidence – that Evans did not stop when commanded by Surdam – to support both the conviction for obstructing a law enforcement officer and the conviction for failing to obey a law enforcement officer. This would result in multiple punishments for the same offense in violation of double jeopardy.

The usual remedy for double jeopardy violations is to vacate the lesser offense. *State v. Chesnokov*, 175 Wn. App. 345, 349, 305 P.3d 1103 (2013). Accordingly, we vacate the lesser offense of failing to obey a law enforcement officer.

No. 47313-5-II

We affirm Evans's conviction for obstructing a law enforcement officer and vacate his conviction for failing to obey a law enforcement officer.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, J.

We concur:

WORSWICK, J.

MELNICK, J.