**NOTICE:   SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| CITY OF OLYMPIA, | No. 85048-2-I |
| Respondent, | DIVISION ONE |
| v. | PUBLISHED OPINION |
| WESTERN WASHINGTON GROWTH MANAGEMENT HEARINGS BOARD, a State Agency, and OLYMPIANS FOR SMART DEVELOPMENT & LIVABLE NEIGHBORHOODS, | |
| Appellants. | |

FELDMAN, J. — The Olympians for Smart Development and Livable Neighborhoods (OSDLN) appeal from a superior court order reversing a Western Washington Growth Management Hearings Board (Board) order invalidating a city ordinance that increased the permitted types of housing in residential districts. While the matter was pending before the Board, the Washington legislature enacted RCW 36.70A.600(3) and (4), which preclude administrative and judicial review of certain actions taken by a city to increase its residential building capacity. The City of Olympia (City) moved to dismiss the administrative appeal pursuant to RCW 36.70A.600(3) and (4), and the Board denied its motion. Because the Board erred in denying the motion, we reverse.

FACTS

The City passed Ordinance 7160 (the Ordinance), also known as the "Missing Middle Housing Proposal," on November 13, 2018. The Ordinance amended numerous sections of the Olympia Municipal Code related to permitted types of housing. The City Council's findings state that one of the Ordinance's purposes is "to implement [the] policy direction in the City of Olympia['s] Comprehensive Plan to adopt zoning that allows a wide variety of housing types and densities so that housing can be available in a broad range of costs."

Before it passed the Ordinance, the City prepared an environmental checklist to comply with the State Environmental Policy Act (SEPA). The City determined that the Ordinance would not have a significant impact on the environment and issued a determination of non-significance (DNS). Members of OSDLN submitted comments on the Ordinance expressing concerns about its environmental impacts and subsequently filed an administrative appeal challenging the DNS. The hearings examiner dismissed the administrative appeal, reasoning that OSDLN did not meet the requirements to have standing under SEPA.

On January 11, 2019, OSDLN petitioned for review of the hearing examiner's decision before the Board. While that administrative appeal was pending, the Washington legislature enacted RCW 36.70A.600(3) and (4), which, as noted previously, preclude administrative and judicial review of certain actions taken by a city to increase its residential building capacity. LAWS OF 2019, ch. 348, § 1 (SHB 1923). The City promptly moved to dismiss the administrative

appeal based on this enactment. The Board denied the City's motion as well as its renewed motion to dismiss the proceeding, reasoning that "it is not clear that [SHB] 1923 was intended to apply to this pending case. . . . The Legislature did not clearly express an intent to apply [SHB] 1923 retroactively."

On September 10, 2019, the City filed a petition for review in Thurston County Superior Court. Relevant here, the trial court ruled that the Board erred in denying the City's motion and renewed motion to dismiss. OSDLN appeals. We agree with the superior court and hold that the Board should have dismissed OSDLN's administrative appeal under RCW 36.70A.600(3) and (4).

ANALYSIS

The Administrative Procedure Act, RCW 34.05, governs our review in this matter and requires that we review the decision of the Board in the same manner as did the superior court. *King County v. Cent. Puget Sound Growth Mgmt. Hr'gs Bd.*, 142 Wn.2d 543, 553, 14 P.3d 133 (2000). We review the Board's legal conclusions de novo. *Id.*

RCW 34.05.570(3)(b) states that "[t]he court shall grant relief from an agency order in an adjudicative proceeding . . . if it determines that . . . [t]he order is outside the statutory authority or jurisdiction of the agency . . . ." The City argues, as it did before the Board and superior court, that the Board order is outside the statutory authority or jurisdiction of the agency under RCW 36.70A.600, which was enacted during the pendency of the administrative proceedings. In relevant part, RCW 36.70A.600(3) and (4) provide as follows:

> (3) The adoption of ordinances, development regulations and amendments to regulations, and other nonproject actions taken

> by a city to implement the actions specified in subsection (1) of this section, with the exception of the action specified in subsection (1)(f) of this section, are not subject to administrative or judicial appeal under chapter 43.21C RCW.
>
> (4) Any action taken by a city prior to April 1, 2023, to amend its comprehensive plan or adopt or amend ordinances or development regulations, solely to enact provisions under subsection (1) of this section is not subject to legal challenge under this chapter.

The statutory language is clear. If RCW 36.70A.600(3) and (4) apply here, then the Ordinance is "not subject to" administrative appeal or legal challenge under SEPA or the Growth Management Act (GMA), and the Board should have dismissed OSDLN's administrative appeal without reaching the merits of its substantive arguments.

The question of whether RCW 36.70A.600(3) and (4) apply to the Ordinance is controlled by *Washington Education Association v. Washington State Department of Retirement Systems*, 21 Wn. App. 2d 736, 743-44, 507 P.3d 1 (2022), which holds that a newly enacted statute generally applies to all cases pending on direct appeal that are not yet final. Further, *Fischer Studio Building Condominium Owners Association v. City of Seattle*, __ Wn. App. 2d __, 524 P.3d 708, 712 (2023), holds that a cause of action is extinguished where, as here, it is abolished prior to a final decision on appeal. Based on these and other similar authorities, the Board erred in concluding that RCW 36.70A.600(3) and (4) do not apply to the Ordinance. For the same reasons, subsequent amendments to RCW 36.70A.600 also apply to the Ordinance because the petition is still pending on appeal. LAWS OF 2020, ch. 173, § 1 (SHB 2343 (2020)); LAWS OF 2022, ch. 246, § 1 (SSB 5818 (2022)).

No. 85048-2-I/5

Having concluded that RCW 36.70A.600(3) and (4) apply to this proceeding, we must next decide whether the specific requirements set out in these provisions are satisfied. The first requirement is that the Ordinance must have been adopted by April 1, 2023. RCW 36.70A.600(3), (4). This requirement is plainly satisfied, as the City passed the Ordinance on November 13, 2018, well before the April 1, 2023 deadline specified in the statute.

The second requirement is that the Ordinance must have been adopted to implement actions or enact provisions specified in RCW 36.70A.600(1). RCW 36.70A.600(3), (4). This requirement is also satisfied. As noted, the City Council's findings state that one of the Ordinance's purposes is "to implement [the] policy direction in the City of Olympia['s] Comprehensive Plan to adopt zoning that allows a wide variety of housing types and densities so that housing can be available in a broad range of costs." By way of example, the Ordinance permits triplexes, fourplexes, and courtyard apartments where they were previously not permitted. These types of provisions fall within RCW 36.70A.600(1)(c) and (d):

> (1) A city planning pursuant to RCW 36.70A.040 is encouraged to take the following actions in order to increase its residential building capacity:
>     . . . .
>     (c) Authorize at least one duplex, triplex, quadplex, sixplex, stacked flat, townhouse, or courtyard apartment on each parcel in one or more zoning districts that permit single-family residences unless a city documents a specific infrastructure of physical constraint that would make this requirement unfeasible for a particular parcel;
>
>     (d) Authorize a duplex, triplex, quadplex, sixplex, stacked flat, townhouse, or courtyard apartment on one or more parcels for which they are not currently authorized[.]

- 5 -

Because the Ordinance promotes residential density through the approved means listed under RCW 36.70A.600(1) and otherwise implements actions or enacts provisions specified in RCW 36.70A.600(1), RCW 36.70A.600(3) and (4) apply here. The Ordinance is therefore "not subject to" administrative or judicial review under SEPA or the GMA. RCW 36.70A.600(3), (4).

While RCW 36.70A.600(3) and (4) have not been interpreted or applied in a published appellate court opinion, the Central Puget Sound Growth Management Hearings Board's decision in *Hendrickson v. City of Kenmore*, No. 23-3-0001 (Wash. Growth Mgmt. Hr'gs Bd. Apr. 4, 2023) (*Hendrickson*), is instructive here. *See Timberlake Christian Fellowship v. King County*, 114 Wn. App. 174, 184 n.3, 61 P.3d 332 (2002) ("Although administrative decisions are not binding on this court, we find guidance in their interpretations of the law, especially where, as here, the decision is made by the body primarily charged with interpreting a given statute."). In that case, the City of Kenmore passed Ordinance 22-0558 to make changes to its comprehensive plan affecting land use and housing. *Hendrickson* at 1. The Board, on its own motion, ruled that because the ordinance's purpose was to adopt provisions solely within the list of protected provisions under RCW 36.70A.600(1), the petitioner lost its ability to bring an administrative appeal under SEPA (RCW 36.70A.600(3)) and the GMA (RCW 36.70A.600(4)). *Id.* at 6.

The same reasoning and result apply here as well. As in *Hendrickson*, a city is attempting to increase the types of housing available in its residential districts, and OSDLN is challenging it under SEPA and the GMA. But because

our legislature has adopted laws that preclude such challenges in order to encourage an increase in the type of permitted housing in residential districts, OSDLN's challenges must be dismissed. Just as the Board dismissed the administrative appeal in *Hendrickson,* so too should the Board have done so here.

In response to these arguments, OSDLN argues, and the Board ruled, that RCW 36.70A.600(3) and (4) do not apply to Ordinance 7160 because there is no clear legislative intent for the law to apply retroactively. As previously addressed, a newly enacted statute generally applies to all cases pending on direct appeal that are not yet final. *Wash. Educ. Ass'n*, 21 Wn. App. 2d at 744-45. And a cause of action is extinguished where, as here, it is abolished prior to a final decision on appeal. *Fischer Studio Bldg. Condo. Owners Ass'n,* 524 P.3d at 712. OSDLN's non-retroactivity argument thus fails.

Next, OSDLN argues that even if RCW 36.70A.600(3) and (4) apply to the Ordinance, the Ordinance's amendments to the municipal code fall outside of the scope of the protected actions listed in RCW 36.70A.600(1). We disagree:

- OSDLN points to provisions in the Ordinance that authorize single room occupancies. Single room occupancies are encompassed in RCW 36.70A.600(1)(v), which states: "Update use matrices and allowable use tables that eliminate conditional use permits and administrative conditional use permits for all housing types, including single-family homes, townhomes, multifamily housing, low-income housing, and senior housing . . . ."

- 7 -

- OSDLN also points to provisions in the Ordinance that increase the allowed density for triplex, quadplex, and courtyard apartments in small lots. These are encompassed in RCW 36.70A.600(1)(d), which states: "Authorize a duplex, triplex, quadplex, sixplex, stacked flat, townhouse, or courtyard apartment on one or more parcels for which they are not currently authorized . . . . "

- Next, OSDLN points to provisions increasing the density limits of cottage housing. These provisions are encompassed by RCW 36.70A.600(1)(l), which states: "Authorize a minimum net density of six dwelling units per acre in all residential zones, where the residential development capacity will increase within the city…."

- Lastly, OSDLN points to provisions in the Ordinance that maintain minimum density limits in residential zones. Because OSDLN did not challenge these provisions in the administrative proceeding, we decline to consider them here. *See Alpha Kappa Lambda Fraternity v. Wash. State Univ.*, 152 Wn. App. 401, 420, 216 P.3d 451 (2009) ("'[i]ssues not raised before the agency may not be raised on appeal,'" quoting RCW 34.05.554(1)). Additionally, OSDLN has not cited any authority, nor are we aware of any, that would permit a legal challenge to an ordinance that merely maintains the status quo. *Donner v. Blue*, 187 Wn. App. 51, 61, 347 P.3d 881 (2015) ("Where no authorities are cited in support of a proposition, the court is not required to search out

authorities, but may assume that counsel, after diligent search, has found none." (Internal quotation marks omitted)).

Thus, contrary to OSDLN's arguments, the Ordinance is exempted from legal challenges and administrative and judicial review under both SEPA (RCW 36.70A.600(3)) and the GMA (RCW 36.70A.600(4)).

Our analysis is also consistent with the legislative intent of RCW 36.70A.600. *State v. Hughes*, 166 Wn.2d 675, 684, 212 P.3d 558 (2009) ("Legislative intent may be determined by legislative history, the structure of the statutes, their purpose, or other sources."). When looking at the recent amendments to the GMA (SHB 1923 (2019), SHB 2343 (2020), and SSB 5181 (2022)), our legislature's intent is clear. It has decided to shield ordinances that increase residential building capacity and has continued to add actions to RCW 36.70A.600(1) to establish additional actions that are not subject to legal challenge or administrative appeals. The Ordinance increases residential building capacity and is therefore protected by both the plain language and purpose of RCW 36.70A.600.

Lastly, OSDLN argues that because the City did not assign error to the Board's findings that the Ordinance violated the GMA, those findings are verities on appeal. OSDLN's argument ignores the legal and practical significance of RCW 36.70A.600(3) and (4). Because the Ordinance is "not subject to" administrative appeal or legal challenge under SEPA or the GMA (as RCW 36.70A.600(3)-(4) provide), the Board was required to dismiss OSDLN's administrative appeal without reaching the merits of its substantive arguments

and without making any findings.  As such, the Board's findings must be set aside even though, as OSDLN argues, they were not challenged by the City.

We reverse the Board's order denying the City's motion to dismiss OSDLN's petition for review and, accordingly, affirm the trial court's Order on Judicial Review.  We remand the matter to the Board to dismiss OSDLN's petition for review.

Feldman, J.

WE CONCUR:

Díaz, J.

Dwyer, J.

- 10 -